IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:21-cr-439-X |
| | § | |
| DAMEON ANTIONE KING, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Dameon Antione King is charged by indictment with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Dkt No. 20. He is set for trial before United States District Judge Brantley Starr on September 26, 2022. *See* Dkt No. 46.

After his arrest, the government moved to detain King pretrial. *See* Dkt. No. 3. At his initial appearance in August 2021, the Court appointed Scott M. Garelick to represent King. *See* Dkt. Nos. 4 & 7. After a continuance of a hearing on the motion for detention, King waived his right to a detention hearing without reservation. *See* Dkt. No. 15. And the Court ordered that he be detained pending trial. *See* Dkt. No. 17.

King has now filed a Motion for Release on Personal Recognizance. *See* Dkt. No. 45. The government responded in opposition. *See* Dkt. No. 47. And Judge Starr has referred the motion to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) for hearing, if necessary, and determination. *See* Dkt. No. 48.

The undersigned determines that a hearing is not necessary or appropriate.

## Background

King's motion explains that he,

by and through his attorney of record, respectfully moves for his release on personal recognizance. Currently, Defendant is charged with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as well as 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). (FYI – through pleas negotiations, the specific charging statutes may change by the time this motion is heard.)

As grounds for this motion, Defendant's attorney, states:

1. Defendant was arrested on August 19, 2021.
2. Defendant is 40 years old and has lived in Texas his entire life. At the time of his arrest, Defendant was residing at 4950 Wadsworth Drive, Apt. 1040, Dallas, Texas 75216. This is the home of his aunt, Donna Jessie, who has agreed to ensure Mr. King appears for all court proceedings.
3. Defendant's mother lives in Mesquite, Texas. Defendant has four siblings who live nearby with his nieces and nephews. Defendant is also in a long-term relationship.
4. Defendant, if released, has been promised employment with two previous employers; DS Demolition and Haul Off, owned by Devon Cox, who will hire him for day jobs, and AFI Security and Investigations, who has offered him night jobs during his release. The income provided by these jobs could help support Defendant's family and improve their current living situation and set them up for a modest financial improvement to tide them over while Mr. King serves out his sentence.
5. Defendant needs to secure the living conditions for his loved ones before he is sentenced and sent away. Defendant's sister suffers from severe kidney disease and is struggling to raise her children. Further, Defendant's longtime girlfriend recently lost her home and has been living out of her car.
6. Defendant needs to secure funds to improve his loved one's present living conditions and procure medical treatment for his sister and childcare for her children.
7. Defendant, if released, will stay with his Aunt, and she will guarantee that he appears for any and all hearings and meetings with probation and pretrial services.
8. Defendant asserts that if he is released, under no circumstances will he attempt to flee.

THEREFORE, counsel for Defendant Dameon Antione King respectfully requests that he be released on his own recognizance.

Dkt. No. 45 at 1-2.

The government opposes and explains that,

[a]fter King was arrested for being a felon in possession of a firearm, he waived his right to a detention hearing without reservation. Moreover, King fails to present new, material information warranting the reopening of his detention hearing, nor does he provide a compelling reason for temporary release. The government thus asks the Court to deny King's motion.

….

On August 19, 2021, a criminal complaint charged King with Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1). (Dkt. 1 at 1.) According to the complaint, King, a convicted felon, sold narcotics to a confidential informant on multiple occasions. (*Id.* at 3-4.) Law enforcement subsequently obtained a search warrant for King's motel room, where he was then residing. (*Id.* at 4.) Agents recovered currency, marijuana, suspected crack cocaine, scales, ammunition, and a loaded pistol. (*Id.*) King – who was on state parole – later admitted to possessing the pistol. (*Id.* at 7.)

King was arrested on the complaint, and on August 20, 2021, he appeared before Magistrate Judge David Horan. The government moved for King's pretrial detention based on the danger he posed to the community. (Dkt. 3 at 2.) During his initial appearance, King waived his right to a preliminary hearing. (Dkt. 9.) And at a detention hearing one week later, King waived his right to a detention hearing with no reservation. (Dkt. 15.) Magistrate Judge Horan thus granted the government's motion for detention and ordered King detained pending trial. (Dkt. 17.) King was subsequently indicted for being a felon in possession of a firearm, and his trial is set for September 26, 2022. (Dkt. 20; Dkt. 46 at 1.)

Now, despite his waiver of detention hearing, King seeks pretrial release so that he can earn money to support his family. (Dkt. 45 at 1-2.) As explained below, the Court should deny King's motion.

….

If a court determines, after holding a detention hearing, "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community," it must order the detention of the defendant pending trial. 18 U.S.C. § 3142(e)(1). Alternatively, "[a] defendant can waive his right to a detention hearing." *United States v. Watts*, 2010 WL 11452009, at *1 (N.D. Tex. June 25, 2010) (Fitzwater, J.).

The court may later reopen the detention hearing, "before or after

a determination by the [court], at any time before trial if the [court] finds that information exists that": (1) "was not known to the movant at the time of the hearing"; and (2) "has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Additionally, the court "may, by subsequent order, permit the temporary release of the" defendant if said release is "necessary for preparation of the [defendant's] defense or for another compelling reason." 18 U.S.C. § 3142(i).

….

King is ineligible for pretrial release. First, he waived his right to a detention hearing without reservation. Further, irrespective of King's waiver, he has not presented any new information bearing on the issue of pretrial detention as required to reopen his detention hearing under 18 U.S.C. § 3142(f), nor he has demonstrated a compelling reason for temporary release under 18 U.S.C. § 3142(i). Accordingly, the Court should deny King's motion for pretrial release. In the alternative, if the Court is inclined to release King, the government requests that the Court first hold a hearing on the issue.

    1. King, who poses a clear danger to the community, waived his right to a detention hearing without reservation.

King's request for release fails because he already waived his right to a detention hearing, thereby agreeing to pretrial detention. As noted above, the government moved for King's pretrial detention due to the danger he posed to the community. (Dkt. 3 at 2.)

Not only was King selling narcotics and illegally possessing a firearm, but he also had extensive criminal history – King has convictions for evading arrest, unlawful possession of a firearm, possession of marijuana, manufacture and delivery of a controlled substance, assault on a family member, assault on a family member with a previous conviction, and robbery. Further, King was on state parole when he committed the instant offense.

Presumably in light of this information, King signed a "Waiver of Detention Hearing" form, which stated King waived his right to a detention hearing and that he knew this waiver would result in him remaining in custody. (*See* Dkt. 15 at 1.) Notably, King could have reserved his "right to ask for a detention hearing later ... pursuant to the Bail Reform Act, including 18 U.S.C. § 3142(f)(2) and (i)," or based on his release "from state custody." (*Id.*) But King did not reserve his right to ask for a detention hearing based on either of these circumstances. (*Id.*) Consequently, King is not entitled to reconsideration of his pretrial detention now.

> 2. King fails to present new, material evidence warranting the reopening of his detention hearing or a compelling reason for temporary release.

Even setting aside King's failure to reserve his right to seek a detention hearing later, pretrial release is unwarranted. King's motion does not assert a statutory basis for his release request, but there are two avenues under § 3142 that may apply here: the reopening of King's detention hearing under § 3142(f), or the temporary release of King pursuant to § 3142(i). King fails to show pretrial release is appropriate under either avenue.

First, King has not provided any information warranting the reopening of his detention hearing. Under § 3142(f)(2), the reopening of a detention hearing requires information "that was not known to the movant at the time of the hearing and that has a material bearing on ... whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." § 3142(f)(2) (emphasis added). Put differently, the movant must present information that is both new and material to the defendant's risk of flight or danger to the community. *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (explaining that the information must be new); *United States v. Munguia*, 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (rejecting reopening of detention hearing where defendant failed to explain how information "increase[d] the chances the defendant [would appear] for their criminal hearing, or decrease[d] the danger the defendant pose[d] to an individual or the community" (citation omitted)). "Conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *United States v. Reddy*, 2020 WL 1862564, at *1 (N.D. Tex. Apr. 13, 2020).

Here, King fails to articulate how any information provided in his motion is both new and relevant to his risk of flight or danger to the community. Rather, he explains that he would like to earn money for his family members before he serves any sentence. (King has not yet pled guilty.) (*See* Dkt. 45.) To that end, King indicates his aunt could ensure he appears in court and that he could obtain employment, but he fails to suggest that these are new circumstances. Indeed, the motion itself states that King lived with this aunt at the time of his arrest. (*Id.* at 1.) Further, King does not explain how these circumstances lessen his risk of flight or his danger to the community – the latter of which served as the basis for the government's motion for detention, which was granted by Magistrate Judge Horan upon King's waiver. Accordingly, King's motion falls short of the standard for reopening a detention hearing

under § 3142(f).

Nor does King meet the threshold for temporary release under § 3142(i). (King appears to seek an indefinite period of release – not temporary release. (See Dkt. 45 at 2 (asking that King "be released on his own recognizance").) The government nevertheless addresses the issue here.) Section 3142(i) permits temporary release "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." There is limited authority defining a "compelling reason" for release, and relief under § 3142(i) has been granted "sparingly." *United States v. Sanmiguel*, 2020 WL 3036636, at *2 (N.D. Tex. June 5, 2020) (citation omitted). Courts have found a compelling reason, for example, where the defendant suffered from a "terminal illness or serious injuries." *United States v. Smith*, 2020 WL 5500234, at *2 (N.D. Tex. Sept. 11, 2020) (citation omitted). In contrast, courts in this district have repeatedly declined to find a defendant's medical concerns about the COVID-19 virus to be a compelling reason. *See, e.g.*, *United States v. Duke*, 2020 WL 5211066, at *5 (N.D. Tex. Aug. 31, 2020).

In his motion, King does not assert that release is necessary to prepare his defense, and he has not provided a compelling reason for temporary release. King's desire to provide for his family – the crux of his motion – falls short of compelling release. Countless incarcerated defendants likely desire to be released pending trial to earn money. If this desire were a compelling reason for temporary release, relief under § 3142(i) would be frequent. In reality, however, courts afford temporary release "sparingly," *Sanmiguel*, 2020 WL 3036636, at *2, and King's request is not so extraordinary as to warrant it.

 3. If the Court is inclined to release King pending trial, the government requests a hearing on the issue.

As explained above, King is not entitled to pretrial release. However, if the Court is inclined to reassess the propriety of King's pretrial detention, the government asks that the Court first hold a hearing on the matter so that the parties may present testimony and evidence relevant to the considerations set forth in 18 U.S.C. § 3142(g).
….

For the reasons stated above, the government opposes King's Motion for Release on Personal Recognizance. King chose to waive his detention hearing without any reservation. And regardless of his waiver, King has not met the standard for reopening his detention hearing or for temporary release. Accordingly, the government respectfully requests that the Court deny King's motion.

Dkt. No. 47 at 1-7 (footnotes omitted).

## Legal Standards and Analysis

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

King was eligible for pretrial detention under 18 U.S.C. § 3142(f)(1) at his initial appearance because he was charged by a complaint with (and waived a preliminary hearing to establish probable cause to believe that he committed) a felony offense involving the possession or use of a firearm. *See* 18 U.S.C. § 3142(e)(3)(E); Dkt. Nos. 8, 9, & 12. Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

King knowingly and voluntarily waived a detention hearing without reservation, after consultation with his appointed counsel, *see* Dkt. No. 15, and was ordered detained pending trial under 18 U.S.C. § 3142(f), *see* Dkt. No. 17.

The Court may reopen a detention hearing, "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The Court also "may, by subsequent order, permit the temporary release of the

person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); *see also United States v. Parker*, 848 F.2d 61, 63 (5th Cir. 1988) (explaining that "a judicial officer may subsequently order the temporary release of the detainee 'to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense.'" (quoting 18 U.S.C. § 3142(i))).

The undersigned will address in turn each basis that King's motion might be read to invoke.

I. <u>18 U.S.C. § 3145(f)</u>

18 U.S.C. § 3142(f)(2)

> provides that a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."
>
> Under Section 3142(f)(2), the United States Court of Appeals for the Fifth Circuit has "interpreted th[e] standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable.")).
>
> The Court may reject a motion to reopen because the evidence to be presented is not new or because it would not be material. *See Hare*, 873 F.2d at 799 ("Hare seeks a second hearing on various statutory grounds. First, he seeks to have his sister, mother, and a friend testify that he appeared whenever required to do so during prior prosecutions. He would also offer evidence of his exemplary conduct as an electrician while detained and of the fact that his pretrial incarceration will last

-8-

considerably longer than usual. Under the Bail Reform Act a hearing may be reopened at any time before trial 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of risk of flight or dangerousness].' We agree with the district court that the testimony of Hare's family and friends is not new evidence. Nor can the length of his current or potential future detention be considered under this section since it is not material to the issue of risk of flight or dangerousness. Given Hare's past record of narcotics convictions and the seriousness of the present charges, the district court did not abuse its discretion in finding that Hare's work as an electrician and selection as a trustee while in detention is not sufficiently material to the issue of dangerousness to justify a second hearing." (footnote omitted)); *accord Stanford*, 367 F. App'x at 510-11.

*United States v. Cooper*, No. 3:16-cr-60-M, 2018 WL 1916983, at *15 (N.D. Tex. Apr. 2, 2018) (citation modified), *rec. accepted*, 2018 WL 1912708 (N.D. Tex. Apr. 23, 2018); *see also United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015) ("[T]he purpose of the statute ... is to allow parties to present unknown information that increases the chances the defendant appears for their criminal hearing, or decrease the danger the defendant poses to an individual or the community as a whole.").

Even leaving aside that King did not reserve his rights to seek reopening under Section 3142(f), King's motion does not specify what new evidence – what new information that exists now and was not known to him when he waived a detention hearing – supports reopening the issue of detention almost a year after he waived his right to a hearing on the government's motion for detention.

Having carefully reviewed King's motion, the Court is persuaded by and adopts the reasoning of the government's response:

>Here, King fails to articulate how any information provided in his motion is both new and relevant to his risk of flight or danger to the community. Rather, he explains that he would like to earn money for his family members before he serves any sentence. (King has not yet pled guilty.) (*See* Dkt. 45.) To that end, King indicates his aunt could ensure he appears in court and that he could obtain employment, but he fails to suggest that these are new circumstances. Indeed, the motion itself states that King lived with this aunt at the time of his arrest. (*Id.* at 1.) Further, King does not explain how these circumstances lessen his risk of flight or his danger to the community – the latter of which served as the basis for the government's motion for detention, which was granted by Magistrate Judge Horan upon King's waiver. Accordingly, King's motion falls short of the standard for reopening a detention hearing under § 3142(f).

Dkt. No. 47 at 5-6 (footnote omitted).

II.     18 U.S.C. § 3142(i)

18 U.S.C. § 3142(i) "permit[s] the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Under Section 3142(i), courts have held that a defendant "bear[s] the burden to show that his release is 'necessary for preparation of the person's defense'" or for another compelling reason. *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013).

Another court has explained that "[t]here is limited authority as to when temporary release is justified under § 3142(i) based on 'another compelling reason,' although a defendant's medical condition may present that compelling reason in a particular case. *See United States v. Rebollo-Andino*, 312 Fed. App'x 346, 348 (1st Cir.

2009) (noting the defendant could seek temporary release under § 3142(i) for medical reasons). Courts have typically granted relief under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)." *United States v. Clark*, Case No. 19-40068-01-HLT, 2020 WL 1446895, at *2-*3 (D. Kan. Mar. 25, 2020).

King's reasons for seeking his release at this time – for, as the government points out, an indefinite period and not only temporarily – do not meet the standard for a compelling reason, however sincere King's desire to earn money for his family members before he serves any sentence. And King makes not argument that to show that his release at this time is necessary for preparing his defense. Kinmg has not met his burden under Section 3142(i) to show that his release is necessary for preparation of his defense or for another compelling reason.

## Conclusion

For the reasons explained above, the Court DENIES Defendant Dameon Antione King's Motion for Release on Personal Recognizance [Dkt. No. 45].

SO ORDERED.

DATED: July 8, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE